IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ERIC WITHERSPOON**, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civ. Act. No. 04-1424-JJF |
| | : |
| **LOIS RUSSO**, | : |
| Superintendent/Warden, and | : |
| **M. JANE BRADY**, | : |
| Attorney General for the State of Delaware, | : |
| | : |
| Respondents. | : |

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

The petitioner, Eric Witherspoon, has applied for federal habeas relief challenging a Delaware Superior Court jury conviction for manslaughter and related charges. (D.I. 1). On direct appeal, the state supreme court affirmed. *Witherspoon v. State*, No. 460, 1999, 2001 WL 138499 (Del. Feb. 14, 2001). On July 25, 2002, Witherspoon filed a motion for a new trial in the Superior Court. (Super. Ct. Dkt. in ID No. 960003447-- Item 96). The motion was untimely under Criminal Rule 33, and thus the Superior Court denied the application without prejudice. The court also instructed the Prothonotary to provide to Witherspoon a proper state post-conviction form. Thereafter, Witherspoon filed an application for state post-conviction relief on August 5, 2002. After receiving the State's response, the Superior Court denied Witherspoon's request for post-conviction relief and also denied Witherspoon's request for counsel. *State v. Witherspoon*, ID No. 960003447, 2003

WL 357855 (Del. Super. Ct. Jan. 31, 2003). Witherspoon appealed. On July 25, 2003, the state supreme court issued a notice to Witherspoon to show cause why the appeal should not be dismissed under Rule 29(b) for failure to diligently prosecute the appeal by not filing an opening brief. Witherspoon responded on August 11, 2003, arguing that the appeal should not be dismissed because he was incarcerated in Massachusetts and had been denied access to Delaware legal materials. Witherspoon had also written to the court on March 26, 2003 and June 6, 2003 requesting counsel and complaining of access to legal materials. Witherspoon did not file the opening brief as instructed, and the state supreme court dismissed the appeal by order dated October 1, 2003. *Witherspoon v. State*, No. 113, 2003, 2003 WL 22372947 (Del. Oct. 1, 2003). Witherspoon's federal habeas petition is dated October 31, 2004.

## Facts

As adduced at trial and reported on direct appeal, Lakayla Booker was shot to death outside of Leroy's Lounge near 13th and Claymont Streets in Wilmington in the early morning hours of October 5, 1996. When the bar had closed, the bar patrons moved outside to the bar's parking lot, and the area was crowded with young people. In the days preceding the shooting, animosity had developed between Eric Witherspoon and some local men. That animosity climaxed on the night of October 4-5, 1996. As the bar closed, Witherspoon, dressed from head to toe in camouflage, stepped into the street. It is undisputed that Witherspoon taunted others in the crowd and brandished a firearm. Although there was some discrepancy as to who fired the first shot, it was further undisputed that Witherspoon fired

two shots in the air. A73-74;[1] *see generally Witherspoon v. State*, No. 460, 1999, 2001 WL 138499 at ¶¶ 3-4 (Del. Feb. 14, 2001); *State v. Witherspoon*, ID No. 960003447, 1999 WL 744429 (Del. Super. Ct. July 30, 1999) (opinion and order denying post-trial motions for new trial and judgment of acquittal).

At that point, a man attempted to act as a "go-between or peacemaker in order to calm the situation." Other shots were fired, however, and Witherspoon exclaimed, "This is the type of shit I live for!" Witherspoon then began firing repeatedly in the general direction of the crowded parking lot just 20 feet away. The area was well lit. A brief and murderous exchange of gunfire ensued: Lakayla Booker was found dead on the spot where she had been cowering. It was undisputed at trial that Witherspoon had not fired the fatal round; it was also undisputed that Witherspoon fired wildly and repeatedly into the crowd. Witherspoon's reckless conduct had provoked a murderous gun battle on a crowded city street during which a totally innocent bystander was struck and killed instantly. *See generally Witherspoon*, *supra*, 2001 WL 138499 at ¶¶ 3-4; A73-74.

## Discussion

In the petition (D.I. 1) and a document titled "Amended Writ of Habeas Corpus Claims" (D.I. 6), Witherspoon presents various claims in the following order: 1) the trial court did not compel production of a copy of a witness statement for *in camera* inspection; 2) the prosecution did not disclose unspecified exculpatory material and impeachment evidence; 3) the cumulative effect of prosecutorial misconduct prejudiced the trial; 4) trial

---

[1] "A" herein refers to the appellant's appendix filed with the opening brief in *Eric Witherspoon v. State*, No. 460, 1999.

and appellate counsel were constitutionally ineffective; 5) the trial court's instructions on the elements of manslaughter and the State's burden of proof were defective; 6) the trial court should have instructed on the lesser included offense of criminally negligent homicide; 7) trial counsel was ineffective for not filing a motion to compel exculpatory and impeachment evidence, for failing to seek a continuance to investigate unspecified witness revelations; failing to file unspecified motions regarding discovery, and for not seeking a mistrial based on witness revelations in court; 8) appellate counsel was ineffective for failing to argue an unspecified claim on appeal for judgment of acquittal on the manslaughter charge, for failing to raise the issue of prosecutorial misconduct; for failing to raise an issue regarding the manslaughter instruction; for failing to raise the issue of the imposition of consecutive sentences, and for failing to raise an issue about the cumulative effects of trial errors; 9) that Delaware law did not provide for the theory of indirect causation for the manslaughter charge; and 10) that trial counsel should have requested judicial immunity for a witness to secure exculpatory testimony. (D.I. 1 with attached typewritten pages; D.I. 6). Witherspoon's petition should be dismissed under the one-year limitations period of 28 U.S.C. § 2244(d)(1).

Under § 2244(d), federal habeas petitions filed by state prisoners must generally be filed within one year of the date on which the state court judgment became final upon the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998). Under the terms of paragraph (A), the limitations period in Witherspoon's case began to run on August 20, 2001, when the time expired for seeking review by the United States Supreme Court of the state supreme court's order determining Witherspoon's

direct appeal. *See* U.S. SUPR. CT. R. 13.1 (petition for writ of *certiorari* to review judgment entered by a state court of last resort must be filed within 90 days after entry of judgment), 13.3 (time runs from the denial of a motion for rehearing or reargument); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999). Witherspoon's petition, when deemed filed on October 31, 2004,[2] is thus untimely under § 2244(d) and must be dismissed. *See*, *e.g.*, *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

In turn, the tolling mechanism of § 2244(d)(2) does not save Witherspoon's federal habeas action from the limitations period. If applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state post-conviction action is pending in the state courts. Witherspoon submitted to the Superior Court a motion for a new trial on July 25, 2002. (Super. Ct. Dkt. Item 96). The Superior Court denied the application without prejudice and instructed the Prothonotary to provide to Witherspoon a proper state post-conviction form. Thereafter, Witherspoon filed an application for state post-conviction relief on August 5, 2002. Even accepting for purposes of calculating the statutory tolling period the earlier filing date of July 25, 2002 for Witherspoon's state post-conviction application, more than 11 months had run on the one-year limitations period of § 2244(d) before the limitations clock was tolled. Under § 2244(d)(2), a properly filed state-post conviction proceeding tolls the running of the limitations period, but the filing of a state post-conviction action does not operate to revive the limitations period. *See, e.g.*, *Woods*, 215 F.

---

[2]Absent proof of mailing, the Court has indicated that it will treat the date listed on the petition as the filing date. *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

Supp. 2d at 461-62. Thus, the state post-conviction filing did not restart the one-year limitations period. *See Downes v. Carroll*, 348 F. Supp. 2d 296, 302 (D. Del. 2004). In fact, upon filing the post-conviction motion, Witherspoon had no more than 25 days of time remaining on the one-year limitations period.

As detailed above, Witherspoon's limitations clock began to run on August 20, 2001, the date on which his conviction became final upon the expiration of the time for seeking direct review within the meaning of § 2244(d)(1)(A). The clock was tolled from July 25, 2002, when Witherspoon filed his motion for state post-conviction relief, until October 31, 2003, when the state supreme court dismissed Witherspoon's post-conviction appeal. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001) (recognizing that, unlike § 2244(d)(1), the tolling provision of § 2244(d)(2) does not contemplate the 90-day period for seeking a writ of *certiorari*); *Swartz v. Meyers*, 204 F.3d 417, 421-22 & n. 5 (3d Cir. 2000); *Ott*, 192 F.3d at 513; *Lovasz v. Vaughn*, 134 F.3d 146, 149 (3d Cir. 1998). Between the October 1, 2003 decision in the state post-conviction appeal and the presumptive filing date of October 31, 2004 for Witherspoon's petition, an additional period of one year and 30 days had elapsed on the limitations period in addition to the more than 11 months which had already run. In sum, nearly two years elapsed to which the tolling provision of § 2244(d)(2) did not apply. Because Witherspoon's petition is filed well beyond the one-year period allowed by § 2244(d)(1), it follows that the petition is untimely under § 2244(d), and the petition should be dismissed as untimely.

Finally, the one-year limitations period in Witherspoon's case is not subject to equitable tolling. *See*, *e.g.*, *Downes*, 348 F. Supp. 2d at 302; *Woods*, 215 F. Supp. 2d at 462-

63. Witherspoon has not articulated any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner. As evidenced by the proceedings in the state courts, Witherspoon was capable of formulating issues and preparing documents for submission to the courts. Witherspoon litigated the state post-conviction proceedings *pro se*. And while he complained in the post-conviction appeal about access to Delaware legal materials, he corresponded repeatedly with the state supreme court and submitted associated motions for the appointment of counsel. Certainly, as evidenced by the Superior Court proceedings, the record shows that Witherspoon was unfettered in developing the factual and legal bases for his state post-conviction claims. On appeal, state law thereafter limited Witherspoon to presenting only the issues submitted in the first instance to the Superior Court. *See* DEL. SUPR. CT. R. 8. Witherspoon, who was clearly able to communicate effectively with the state supreme court, does not explain why he nevertheless failed to advance the merits of his claims as directed by the court in the post-conviction appeal.

Here, Witherspoon renews his complaint, in a conclusory fashion, that correctional authorities in Massachusetts have somehow restricted his access to Delaware legal materials. (D.I. 1 at 4). But as evidenced by the model form itself, Witherspoon was capable of obtaining the appropriate legal document for seeking federal habeas relief, i.e., the model section 2254 form, and formulating issues for review by this Court. Witherspoon further submitted to the Court an amendment to the petition. Limited by the exhaustion doctrine to presenting issues already placed before the state courts,[3] Witherspoon's conclusory allegation does not explain how he was prevented from timely filing a petition or why he waited more

---

[3] *See generally* 28 U.S.C. § 2254(b).

than a year after the conclusion of the state post-conviction appeal to file the petition. Any suggestion that Witherspoon's transfer to a correctional facility in a different state, standing alone, somehow warrants application of the equitable tolling doctrine manifestly fails. *See, e.g.*, *Allen v. Lewis*, 255 F.3d 798, 799-800 (9th Cir. 2001) (citing cases); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Amante v. Walker*, 268 F. Supp. 154, 158 (E.D.N.Y. 2003) ("Generally, transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not by themselves qualify as extraordinary circumstances."); *see also Paschal v. United States*, No. 01-C-4959, 2003 WL 21000361 at *4 (N.D. Ill. May 1, 2003); *Hizbullahankhamon v. Walker*, 105 F. Supp. 2d 339, 344 (S.D.N.Y. 2000). Accordingly, Witherspoon's conclusory and unsubstantiated allegation does not provide a basis for equitable tolling. *See Amante*, 268 F. Supp. 2d at 158 (reasonable diligence must be demonstrated even after the occurrence of an extraordinary event). In sum, Witherspoon has not offered an explanation for the delay in filing his federal habeas petition which would constitute an extraordinary circumstance to warrant equitable tolling of the one-year limitations period, and the petition is time barred under § 2244(d).

## Conclusion

Based upon the Superior Court docket sheet, it appears that the transcripts of Witherspoon's trial proceedings, including jury selection, the trial, and the verdict, have been prepared. In the event that the Court directs production of any transcript, the respondent cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

      /s/Thomas E. Brown
Thomas E. Brown
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID 3278

Date: April 22, 2005

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of this Court, hereby certifies that on April 22, 2005 he caused to be electronically filed the attached document (Answer) with the Clerk of the Court using CM/ECF. I hereby certify that on April 22, 2005 I have also caused to be mailed by first class U.S. Mail two copies of the document to the following non-registered participant, the petitioner:

Eric Witherspoon (No. 888967)
Souza Baranowski Corr. Ctr.
Post Office Box 8000
Shirley, MA 01464.

 /s/Thomas E. Brown
Thomas E. Brown
Deputy Attorney General
Del. Dept. of Justice

Counsel for Respondent

Date: April 22, 2005