Eric Witherspoon

Souza Baranowski- C.C.
P.O. Box 8000
Shirley, Ma 01464

Bernard J. O'Donnell

Assistant Public Defender
Elbert N. Carvel, State Office Building
820 North French St. Third Floor
P.O. Box 8911
Wilmington, Delaware 19809

05-31-00

RE: Witherspoon v. State, NO. 460,1999

Dear Mr. O'Donnell,

    I have received the opening brief that you have filed on my behalf in the Delaware Supreme Court. I truly believe that the argument you are presenting has merits. But, I am not completly satisfied with just that one argumemt. And I also know that the constitution guarantees a criminal defendant pursuing a first appeal as of right certain minimum safeguards to make that appeal adequate and effective. I am also entitled to the effective assistance of counsel on direct appeal as of right. And with all due respect I would like copies of my grand jury minutes, trial transcripts, police reports ect.. And then we both can make up a rough draft of possible arguments, so that we can make this appeal effective. So I am asking if you could please disregard that brief? Because, I know there is more appealable issues than just that one issue, that we can add on that has merits also.

Very truly yours,

*Eric Witherspoon*
Eric Witherspoon

Enclosed (1)

EX-A- THREE PAGES



## PUBLIC DEFENDER OF THE STATE OF DELAWARE
### ALBERT N. CARAVEL STATE OFFICE BUILDING
### 820 NORTH FRENCH STREET, THIRD FLOOR
### P.O. BOX 8911
### WILMINGTON, DELAWARE 19801

LAWRENCE M. SULLIVAN  
PUBLIC DEFENDER

ANGELO FALASCA  
CHIEF DEPUTY

BERNARD J. O'DONNELL  
ASSISTANT PUBLIC DEFENDER

TELEPHONE  
(302) 577-5119

June 22, 2000

Eric Witherspoon  
W63259  
Souza-Baranowski Correctional Center  
P.O. Box 8000  
Shirley, MA   01464

**Legal Mail -- Confidential**

Re: Witherspoon v. State, No. 460, 1999

Dear Mr. Witherspoon:

I received your letter of May 31. After receiving your case from Mr. Ramunno, who withdrew on appeal from your case because you did not retain him for the appeal, along with Mr. Ramunno's file, I reviewed the entire record and determined that the most persuasive argument to raise on appeal was the one that was raised in the brief that was filed. In reference to your concern, a defendant in a criminal appeal often believes that an attorney should raise as many arguments as possible, including all arguments on appeal that the defendant wants to be raised. To someone who is not a lawyer, this may seem at first very sensible; however, the attorney must decide what arguments should be made on appeal and how the arguments are made.[1] This is different from the trial situation where the client has the right to make the decision as to four very important matters: 1) whether or not to plead guilty and, if so, to what; 2) whether or not to ask for a jury trial; 3) whether or not to testify; and, 4) whether or not to appeal if convicted.[2] Insofar as your request to "disregard" the brief that was already filed so that "we both can make up a rough draft of possible arguments," I am sorry but that is not possible. The next step in the appeal is the filing of the State's answering brief, which the State has requested an extension for, as the enclosed extension request indicates.

---

[1] *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

[2] *Wainwright v. Sykes*, 433 U.S. 72, 93 n. 1 (1977) (Burger, C.J., concurring);

Mr. Eric Witherspoon
June 22, 2000
Page 2

In addition, you are correct that you are entitled to effective assistance of counsel on direct appeal. However, if you believe that you have not been provided effective assistance of counsel on direct appeal, that claim must first be raised in the trial court in a proceeding called post-conviction relief[3] after the direct appeal is completed, like a claim of ineffective assistance of counsel during trial, and not during the direct appeal itself.

Insofar as your request for "grand jury minutes, trial transcripts, police reports etc.," I suspect that your request may have been adopted from a trial discovery request. However, there are no "grand jury minutes" in your case that I am aware of; and, in any event, even if there were any, a criminal defendant is only entitled to discovery of his or her own testimony before the grand jury, although I gather you did not testify before the grand jury -- and had no right to -- prior to your indictment. In addition, copies of police reports have no relevance to an appeal, unless they were introduced as evidence at the trial and became part of the trial record being reviewed on appeal, and consequently they have no bearing on your appeal. An appeal is not a retrial of a case where a defendant gets to retry a case a different way before new judges. On direct appeal, we are limited to a review of legal questions based on what is already the established trial record of the trial. It is not a retrial as to guilt or innocence.

In addition, I must retain the trial record materials until the briefing and appeal is completed. When it is completed, the trial transcript will be provided to you along with any other materials that I've reviewed for the appeal. You will, of course, be able to use it for any further legal relief you decide to pursue if that is necessary. However, all I have, besides the trial transcript, is basically what Mr. Ramunno provided to me, and you would probably have reviewed any materials with him before your trial.

If you have any additional concerns, please let me know. I will try to respond to the extent that I am able to do so at this point.

Very truly yours,

Bernard J. O'Donnell

enclosure

---

[3] Superior Court Criminal Rule 61