IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERIC WITHERSPOON,
    PETITIONER,

V.                                         CIV. NO. 04-1424-JJF

LOIS RUSSO,
SUPT. AND
M. JANE BRADY
ATTY GEN. FOR DELAWARE.
    RESPONDENTS.



PETITIONER'S RESPONSE TO RESPONDENTS' ANSWER

Now comes Petitioner, Eric Witherspoon, <u>pro se</u>, hereby files his Response to Respondents' Answer to petition.

As reasons thereof, Petitioner states:

1.   As of October 1, 2003, the date when the State Supreme Court dismissed Petitioner's post-conviction appeal, Petitioner contacted the Public Defender that represented him on appeal and informed him that he was being denied access to Delaware legal material, from both Massachusetts and Delaware Department of Correction. Hereinafter "MDOC" and "DDOC".

2.   As the Respondents correctly point out eleven months had passed with the obstruction and interference by both MDOC and DDOC denying Petitioner Delaware legal material, that Petitioner filed a nonconforming pleading which was denied for that same reason.

1

3. Then with the help of a jailhouse lawyer, Petitioner prepared and filed his writ of habeas corpus. See <u>Affidavit of Dwayne M. Cruthird</u>.

4. Notwithstanding, the jailhouse lawyer's assistance, MDOC and DDOC both had an binding obligation to afford Petitioner access to necessary legal materials. See <u>Lehn v. Holmes</u>, 364 F.3d 862, 867-868 (7th cir. 2004).

5. Whereby, MDOC and DDOC failed to provide Petitioner with access of any kind of Delaware legal materials, this Court must, in the interest of fainess, consider whether the procedural time limits restraints can be imposed on Petitioner, to his detriment. See <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)( "'some interference by officials' made compliance impracticable," constituting procedural cause and default )( quoting <u>Brown v. Allen</u>, 344 U.S. 443, 486 (1953)). <u>Lehn</u>, 364 F.3d at 869-870. **Cf.** <u>Reed v. Ross</u>, 468 U.S. 1, 11 (1984).

6. Finally, assuming arguendo, that the denial of Petitioner's post-conviction motion does not toll AEDPA's limitations period. It can also be argued, as here, that the makers of AEDPA did not envision the States would obstruct and interfer with a petitioner's ability to meet its strict requirements. Compare <u>Murray</u>, <u>supra</u>.

   Wherefore, Petitioner request this Court stay its course with the purpose of the Great Writ, invoking its

discretion pursuant to 28 U.S.C. § 2243, to "dispose of th[is] matter as law and justice require."

Respectfully submitted,
By Dwayne M. Cruthird
For Eric Witherspoon

/s/ ~~~~~~~~~~~~~~~~~~~~~~~~

Eric Witherspoon, pro se
Souza Baranowski Corr. Cntr
Post Office Box 8000
Shirley, MA 01464

Dated: 28 Jun 05

CERTIFICATE OF SERVICE

I, hereby certify that I have caused the foregoing RESPONSE to be served upon the Respondents Counsel, on this ___ day of June, 2005.

/s/
Eric Witherspoon, pro se

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERIC WITHERSPOON,
    PETITIONER,

V.                                                                         CIV. NO. 04-1424-JJF

LOIS RUSSO,
SUPT. AND
M. JANE BRADY
ATTY GEN. FOR DELAWARE.
    RESPONDENTS.

### AFFIDAVIT OF DWAYNE M. CRUTHIRD

Under oath I hereby state:

1.   I am the jailhouse lawyer who prepared and filed Eric Witherspoon's writ of habeas corpus to the District Court of Delaware.

2.   Eric Withersponn being unfamilar with the law governing the requirements of filing a writ of habeas corpus, sought my assistance.

3.   Eric Witherspoon informed me that both Massachusetts and Delaware Department of Corrections had denied him access to legal materials necessary to prosecute his *pro se* post-conviction motion and appeal, therefrom.

4.   I informed Eric Witherspoon that such interference by state officials could possibly justify the reason for him not being able to meet the procedural requirements under AEDPA.

5.   Hence, I filed Eric Witherspoon's writ of habeas corpus, and at his direction still assist him today.

Signed under the pains and penalties of perjury on this 26 day of June, 2005.

_____

Dwayne M. Cruthird, W-61733
MCI-Cedar Junction
Post Office Box 100
S. Walpole, MA 02071



Delaware District Court
844 King St, Lockbox 18
Wilmington, DE 19801



U.S. MS
X-RAY