IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC WITHERSPOON, | : |
| Petitioner, | : |
| v. | : Civil Action No. 04-1424-JJF |
| LOIS RUSSO, Superintendent/Warden, and M. JANE BRADY, Attorney General of the State of Delaware, | : |
| Respondents. | : |

Eric Witherspoon. Pro Se Petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

**MEMORANDUM OPINION**

December 6, 2005
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 filed by Petitioner Eric Witherspoon.[1] (D.I. 1; D.I. 6.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of October 5, 1996, Petitioner, dressed in camouflage, taunted a crowd emerging from a bar, brandished a firearm, and fired two shots into the air. Other shots were fired in return, and Petitioner then began firing repeatedly in the general direction of a crowded parking lot 20 feet away. A brief exchange of gunfire ensued, and a bystander, Lakayla Booker, was killed. Evidence at Petitioner's trial demonstrated that the bullet that killed Ms. Booker was not from Petitioner's firearm. See generally Witherspoon v. State, 2001 WL 138499, at ¶¶ 3-4 (Del. Feb. 14, 2001); State v. Witherspoon, 1999 WL 744429 (Del. Super. Ct. July 30, 1999) (opinion and order denying post-trial motions for new trial and judgment of acquittal).

---

[1] Petitioner is currently incarcerated in a Massachusetts state prison. However, the Court has jurisdiction to review the instant Petition because it challenges a judgment of a Delaware state court. See Rule 2(b), Rules Governing Section 2254 Cases 28 U.S.C. foll. § 2254; Maleng v. Cook, 490 U.S. 488, 493 (1989).

1

In March 1999, a Delaware Superior Court jury convicted Petitioner of manslaughter, reckless endangering in the first degree, and possession of a firearm during the commission of a felony. The Superior Court sentenced him to sixteen years and nine months incarceration at Level V. The Delaware Supreme Court affirmed Petitioner's conviction and sentence. Witherspoon, 1999 WL 744429, at *1.

On July 25, 2002, Petitioner filed a motion for a new trial in the Superior Court. The Superior Court denied the motion without prejudice after finding that it was untimely under Delaware Superior Court Criminal Rule 33. The Superior Court also directed the Prothonotary to provide Petitioner with a proper state post-conviction form.

Thereafter, on August 5, 2002, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Delaware Superior Court denied the Rule 61 motion, and also denied Petitioner's motion for appointment of counsel. State v. Witherspoon, 2003 WL 357855 (Del. Super. Ct. Jan. 31, 2003). Petitioner appealed this decision, but he did not file an opening brief. Instead, on March 26, 2003 and June 6, 2003, Petitioner filed requests for the appointment of counsel alleging that he did not have access to Delaware legal materials and required the assistance of an attorney. On July 25, 2003, the Delaware Supreme Court issued a

notice to Petitioner to show cause why the appeal should not be dismissed under Rule 29(b) for failure to prosecute. Petitioner responded on August 11, 2003, and argued that the appeal should not be dismissed because he was incarcerated in Massachusetts and did not have access to Delaware legal materials. However, Petitioner still did not file an opening brief as instructed by the Delaware Supreme Court. On October 1, 2003, the Delaware Supreme Court dismissed the appeal. <u>Witherspoon v. State</u>, 2003 WL 22372947 (Del. Oct. 1, 2003).

In November 2004, Petitioner filed the instant habeas petition under 28 U.S.C. § 2254 and a document titled "Amended Writ of Habeas Corpus Claims." (D.I. 1; D.I. 6.) Petitioner asserts the following eight grounds for relief: (1) the trial court did not compel production of a witness' statement for *in camera* inspection; (2) the prosecution did not disclose unspecified exculpatory material and impeachment evidence; (3) the cumulative effect of prosecutorial misconduct prejudiced the trial; (4) trial and appellate counsel were constitutionally ineffective; (5) the trial court's instructions on the elements of manslaughter and the State's burden of proof were defective; (6) the trial court should have instructed on the lesser included offense of criminally negligent homicide; (7) Delaware law did not provide for the theory of indirect causation for the manslaughter charge; and (8) trial counsel should have requested

3

judicial immunity for a witness to secure exculpatory testimony.

Respondents have filed an Answer to the Petition requesting the Court to dismiss the Petitioner as untimely. (D.I. 12.) In addition, Petitioner has filed a Reply to the Respondent's Answer.

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 Petition, dated October 31, 2004, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), when a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final" and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the [ninety-day] time [period] for seeking certiorari review expires." Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). In the present case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on February 14, 2001. However, Petitioner filed a motion for reargument, which the Delaware Supreme Court denied on May 22, 2001. In these circumstances, the ninety-day period is calculated from the date the Delaware Supreme Court denied the motion for reargument rather than the date on which it decided Petitioner's appeal. See U.S. Supr. Ct. R. 13.3 (ninety day period runs from the denial of a motion for rehearing or reargument); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999). Thus, Petitioner's

conviction became final on August 21, 2001. Applying the one-year limitations period from this date, the Court concludes that Petitioner was required to file his Petition by August 22, 2002. See Wilson v. Beard, - F.3d -, 2005 WL 2559716, at *8 (3d Cir. Oct. 13, 2005)(holding that Federal Rule of Civil Procedure Rule 6(a) applies to the calculation of the AEDPA's one-year limitations period).

However, Petitioner did not file the instant Petition until October 21, 2004.[2] Therefore, the Court concludes the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones, 195 F.3d at 158.

### B. Statutory Tolling

Statutory tolling of the one-year limitations period is authorized by Section 2244(d)(2) of the AEDPA which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

---

[2] A pro se prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). The Court adopts the date on the Petition, October 31, 2004, as the filing date, because presumably, Petitioner could not have presented the Petition to prison officials for mailing any earlier than that date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002); Gholdson v. Snyder, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). Procedural requirements include "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). However, a "properly filed" state post-conviction application will only toll the AEDPA's limitations period if it was filed and pending before the expiration of the AEDPA's limitations period. See Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

Respondents assert that Petitioner filed a motion for new trial in the Superior Court on July 25, 2002. The Superior Court denied the motion without prejudice and instructed the Prothonotary to provide Petitioner with the proper state post-conviction forms. Thereafter, Petitioner filed an application for state post-conviction relief pursuant to Rule 61 on August 5, 2002.

However, Petitioner contends that he filed a Rule 61 motion in the Superior Court on July 12, 2002, which the Superior Court rejected as improperly filed. (D.I. 19, at 4.) Thus, Petitioner contends that he should have the benefit of tolling from the July

7

12 date, rather than the later August 5 date. The Court of Appeals for the Third Circuit has recently granted a certificate of appealability to determine if a properly filed post-conviction application that is filed after the state court rejected a previous application as improperly filed should relate back to the filing date of the previously rejected application. See Austin v. Carroll, No. 04-3811, Order (3d Cir. Jan. 3, 2005). In this case, however, the Petition is untimely regardless of whether statutory tolling begins from the July 12, 2002 date or the August 5, 2002 date. Accordingly, for purposes of its analysis, the Court will accept Petitioner's assertion that statutory tolling applies from July 12, 2002.

By July 12, 2002, 324 days of the limitations period had already expired. The motion Petitioner alleges he filed on that date tolled the limitations clock from July 12, 2002, until October 31, 2003, the date on which the Delaware Supreme Court denied Petitioner's post-conviction appeal. The limitations clock started again on November 1, 2003, and ran without interruption until it expired on December 11, 2003. Consequently, the Petition dated October 31, 2004, is untimely regardless of statutory tolling.

### C. Equitable Tolling

Although statutory tolling principles do not apply, the AEDPA's limitations period may be equitably tolled. The one-year

8

limitations period will be tolled "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting Midgley, 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159.

In his Reply, Petitioner argues that equitable tolling is warranted because he was unable to obtain post-conviction forms and Delaware legal material from the Massachusetts prison in which he is incarcerated. (D.I. 21.)  In September 2001, Petitioner requested his case file and a Delaware post-conviction form from the Public Defender who represented him during his direct appeal.  In October 2001, the Public Defender sent the

9

case file to Petitioner, but informed Petitioner that he would have to request the proper post-conviction form from the Delaware Superior Court Prothonotary. (D.I. 21, Exh. B.) There is no indication in the record that Petitioner ever requested the form from the Prothonotary. Instead, in July 2002, Petitioner began requesting Delaware legal materials from the Massachusetts prison. On July 17, 2002, the prison informed Petitioner that he would have to request any Delaware legal material from Delaware state agencies. (D.I. 19, Letter from Souza-Baranowski Correctional Center to Petitioner, dated July 17, 2002.) Eight days later, on July 25, 2002, Petitioner filed a motion for new trial in the Delaware Superior Court. After the Superior Court dismissed that motion, the Prothonotary sent Petitioner the correct Rule 61 form leading Petitioner to file his August 5 post-conviction motion.

    Petitioner has not provided the Court with any reason for his failure to request the post-conviction form from the Delaware Superior Court Prothonotary during the time-period from October 2001 through July 2002. Given his lack of diligence in pursuing his claims, the Court concludes that equitable tolling is not warranted.

    Further, as evidenced by his use of the model § 2254 form, Petitioner was capable of obtaining the appropriate legal document to assert his federal habeas claims. Petitioner does

not allege that his access to federal legal materials regarding the AEDPA's limitations period was denied or restricted. Without any explanation as to how he was prevented from filing a federal habeas petition, the Court concludes that equitable tolling is not warranted on the basis of Petitioner's conclusory allegations regarding a lack of access to Delaware legal materials. To the extent Petitioner made a mistake or miscalculation regarding the one-year period, the Court further concludes that such mistakes are insufficient to justify equitable tolling. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Accordingly, the Court will dismiss the Petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner

demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. In addition, his Motion for an Extension of Time to File a Reply and his Motion for Appointment of Counsel will be denied as moot. (D.I. 18; D.I. 20.)

An appropriate Order will be entered.