IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


ERIC WITHERSPOON,                :
                                 :
          Petitioner,            :
                                 :
v.                               :    Civil Action No. 04-1424-JJF
                                 :
LOIS RUSSO,                      :
Superintendent/Warden,           :
and M. JANE BRADY,               :
Attorney General                 :
of the State of                  :
Delaware,                        :
                                 :
          Respondents.           :


**O R D E R**

At Wilmington this _5_ day of January, 2006;

IT IS ORDERED that:

Petitioner's "Motion For An Extension Of Time To File An

Appeal" is **GRANTED**, and Petitioner must file a Notice of Appeal

no later than February 6, 2006.[1]  See Fed. R. App. P.

4(a)(5)(A),(B); Fed. R. App. P. 26(a)(3).  The Court concludes

that good cause exists in Petitioner's particular circumstances

to grant the extension.[2]  See Consolidated Freightways Corp. of

---

[1]The Court denied Petitioner's Application For The Writ Of
Habeas Corpus Pursuant To 28 U.S.C. § 2254 on December 6, 2005,
(D.I. 27; D.I. 28.), and Petitioner filed his Motion on December
22, 2005, which is within the original thirty-day period
prescribed by Fed. R. App. P. 4(a)(1).  Therefore, the Court can
properly consider the ex parte Motion.

[2]If the Court did not grant an extension, Petitioner would
have to file a timely Notice of Appeal no later than January 5,

Delaware v. Larson, 827 F.2d 916, 918 n. 3 (3d Cir. 1987); Fed.

R. App. P. 4 (a)(5)(A)(ii).

_____
UNITED STATES DISTRICT JUDGE

_____

2006.  Although Petitioner filed his Motion on December 22, 2005,
there was a delay in docketing and forwarding of the Motion due
to the intervening Christmas and New Year holidays, and the
earliest date on which Petitioner would be informed of any denial
of his Motion would be January 4, 2006.  Given that Petitioner
could not control these circumstances, and that it is very
unlikely he would be able to file a Notice of Appeal by January
5, 2006, good cause exists for the extension.  See Advisory
Committee Notes to the 2002 Amendments to Fed. R. App. P. 4 ("the
good cause standard applies in situations in which there is no
fault . . . the need for an extension is usually occasioned by
something that is not within the control of the movant.").