UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

ERIC WITHERSPOON,
    Petitioner,

v.                       Civil Action No.
                              04- 1424

LOIS RUSSO,
SUPERINTENDENT/WARDEN,
AND M. JANE BRADY,
ATTORNEY GENERAL OF
THE STATE OF DELAWARE,
    Respondents.

NOTICE OF APPEAL FOR CERTIFICATE OF APPEALABILITY

    Now comes Petitioner, Eric Witherspoon (Witherspoon), moves this Honorable Court for the Third Circuit pursuant to Fed.R.App.P Rule 3(c) and Rule 22(b) request issuance of a Certificate of Appealability (COA), to appeal the July 29, 2005 Order rendered in the Civil Action No. 04-1424-JJF filed in the United States District Court for the District of Delaware, procedurally dismissing Witherspoon's habeas corpus petition as untimely, thereby failing to reach the merits of the issues presented.

I.        THE STANDARD FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY IS MET BECAUSE (1) REASONABLE JURISTS WOULD DEBATE THE CORRECTNESS OF THE PROCEDURAL RULING IN THIS CASE; AND (2) PETITIONER STATED A VALID CLAIM OF CONSTITUTIONAL RIGHTS DENIED.

    This Court should consider each issue separately under application for COA, and grant a COA for those issues that met the standards set out in 28 U.S.C. § 2253.  See also Bui v. Depaolo, 170 F.3d 232, 237 (1st

1

Cir. 1999). The Supreme Court mandates that the District Court apply distinct tests for the issuance of a COA for a "denied on the merits" claim versus issuance of a COA for a "procedurally denied" claim. Here, the Petitioner's motion should be assessed under the "procedurally denied" criteria.

In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court ruled that a COA should be granted for a procedurally dismissed petition if the petitioner makes two threshold showings: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural rulings"; and (2) "that jurist of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack , 529 U.S. at 484, Gaskkins v. Duval, 183 F.3d 8 (1st Cir. 1999); Evicci v. Commissioner of Corrections, 226 F.3d 26, 27 (1st Cir. 2000); Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002). In order to prevail on an application for a COA, a petitioner need not demonstrate that "he would prevail on the merits...; he must demonstrate [only] that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]" or that the questions are "adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 880 at 893 and n.4 (1983); see also Miller-El v. Cockrell, 537 U.S. 322 (2003).

The pivotal inquiry is thus the meaning of "debatable" as applied by Barefoot, and its progeny. The Miller-El Court emphatically stated that the "debatable among jurists of reason" prong is designed to be permissive, rather that restrictive, and reiterated that it "do[es] not require petitioner to prove, before the issuance of COA, that some jurists would grant the petition for habeas corpus". Miller-El, 537 U.S. at 336. Indeed a claim can be "debatable" even if, after the COA has been granted and the case has received full consideration, every jurist of reason might agree that petitioner should not prevail. Id. at 338. According to the Miller-El, Court, a full consideration of the factual or legal bases adduced in support of the claim is statutorily forbidden when assessing the "debatability" of a claim for the purposes of issuing a COA. Id. at 336.

As to the substance of his procedurally barred claims, Witherspoon must show merely that the claim[s] is "not frivolous on its face." See Slack, 529 U.S. at 484; see also Evicci v. Commissioner of Corrections, 226 F.3d 26, at 28 n.1 (1st Cir. 2000). Where a petitioner's habe was dismissed on procedural grounds, a COA should issue id the petitioner shows that his petition states facially valid claims for relief. Slack, 529 U.S. at 484. This means that the courts should "simply take a 'quick look' at the face of the complaint to determine whether the petitioner has facially allege[d]

3

the denial of a conditional right." <u>Lambright v. Stewart</u>, 220 F3d 1022, 1026 (9th Cir. 2000); <u>Jefferson v. Wellborn</u>, 222 F.3d 286, 289 (7th Cir. 2000); <u>Gibson v. Klinger</u>, 232 F.3d 799, 803 (10th Cir. 2000).

II. THE PROCEDURAL DISMISSAL WAS "DEBATABLE" BECAUSE NOT ONLY WAS IT CONTRARY TO THE NATURE OF THE GREAT WRIT, AND THE COURTS POSITION IN <u>MURRAY v. CARRIER</u>, 477 U.S. 478, 488 (1986); IT WAS PREMISE ON A RESPONSE NOT RIGHTFULLY BEFORE THE DISTRICT COURT.

A. <u>CORRECTNESS OF PROCEDURAL DISMISSAL "DEBATABLE", WHEREAS ITS PREDICATED ON A RESPONSE NOT BEFORE THE COURT.</u>

Sometime on or about April 22, 2005 Witherspoon received the Respondents' Answer to his habeas corpus petition. While, with the help of a "jail house lawyer", Witherspoon was preparing a reply, they were separated without Witherspoon knowing whether the jail house lawyer would continue to facilitate the orchestration of a response to the Respondents' Answer. This happenstance compelled Witherspoon to prepare a response on his own with whatever help he could obtain from other so-called jail house lawyers.

Witherspoon eventually filed a Response in the District Court on June 23, 2005. Several days thereafter, Witherspoon received a Response, dated June 28, 2005, which was prepared on his behalf by the jail house lawyer who initially assisted him in filing his habeas corpus petition and subsequent Response to the Respondents' Answer. This prompted Witherspoon to file a motion to withdraw Petitioner's

4

Response dated June 23, 2005 with the caveat that the Court accept the Response filed June 28, 2005 on Witherspoon's behalf. This motion was GRANTED by the District Court. See Attachment #1.

Where the District Court's Order and Memorandum Order was predicated on the June 23, 2005 Response that was withdrew, and where the District Court did not address Witherspoon's Response to the Respondents' Answer the correctness of the procedural dismissal is debatable.

    B.  <u>CORRECTNESS OF PROCEDURAL DISMISSAL "DEBATABLE" WHERE IT IS CONTRARY TO THE NATURE OF THE GREAT WRIT AND THE SUPREME COURT'S POSITION IN MURRAY v. CARRIER.</u>

In March of 1999 Witherspoon was found guilty of Manslaughter, Reckless Endangerment, and weapon charges. He was subsequently extradited back to Massachusetts to serve out a prison sentence imposed by the Commonwealth. In his absence and without his involvement nor consent Appellate Attorney Bernard J. O'Donnell filed a brief on Witherspoon's behalf, therein raising one issue. Witherspoon communicated via letter to Attorney O'Donnell, expressing exception with the brief and requested that Attorney O'Donnell have the brief disregarded (i.e. stay adjudication) until they could prepare other meritorious claims for appeal. Attorney O'Donnell expressed to Witherspoon that the brief was already submitted and could not be stayed, so if Witherspoon felt Counsel was ineffective that he would have to present that claim along with the other claims Witherspoon wanted to raise,

5

in a Rule 61, post-conviction relief motion, after the brief was adjudicated. This is the first communication that took place between Attorney O'Donnell, who was in Delaware and Witherspoon, who was in Massachusetts.

The Delaware Supreme Court affirmed Witherspoon's conviction which became final August 22, 2001, and Witherspoon requested his case file from Attorney O'Donnell so that he could effectively prepare a Rule 61 Motion. Delaware's Supreme Court's finalization of Witherspoon's appeal marked the precise moment that Witherspoon had to fend for himself and this necessitated for him, meaningful access to the court. See e.g. Bounds v. Smith,

Witherspoon began to fashion a Rule 61 Motion to preserve the meritorious constitutional claims that Appellate Counsel failed to raise, but to Witherspoon's chagrin the Massachusetts Department of Correction (MDOC) did not provide legal material for the state of Delaware. MDOC officials informed Witherspoon that Delaware's Department of Corrections (DDOC) officials were responsible for providing him such material. Upon being informed of this Witherspoon attempted to contact DDOC officials via letter but to no avail, as Witherspoon never received any corresponding communication from DDOC officials. This effectively left Witherspoon devoid of Delaware legal material and therefore without access to the court to preserve his constitutional rights, while the one year statute of limitation clock on his federal habeas corpus petition began to run. Having been hindered

6

in his litigation by both MDOC and DDOC, Witherspoon solicited the financial assistance of family and friends to purchase material from the social law library. This assistance proved insignificant as the cost of such material and no knowledge of what the social law library had to offer, the limited material Witherspoon was able to obtain was inadequate and these resources Witherspoon was able to amass quickly diminished. By the time Witherspoon was able to file a Rule 61 motion, which subsequently was denied without prejudice because it was not filed with the proper state post-conviction form, 11 months and three days had elapsed on Witherspoon's one year clock. With the Order of denial, the Delaware Superior Court forwarded Witherspoon the appropriate form which Witherspoon conjoined with his Rule 61 motion and resubmitted the motion with the Superior Court. Before Witherspoon was able to properly file his Rule 61 motion in the Delaware Superior Court, 11 months and 14 days had expired on his one year federal clock. The motion was denied by the Delaware Superior Court and Witherspon filed a timely notice of appeal.

No longer in possession of the scarce and inadequate material he was able to ascertain with the help of family and friends, Witherspoon again requested of the MDOC to provide he with Delaware legal material so that he could execute an appeal from the Superior Court's denial of his Rule 61 motion. The MDOC officials denied his

7

request and thereby denied Witherspoon's constitutional right of access to the court. See Bounds v. Smith, 430 U.S. 817, 821-28 (1977). In Bounds, the Supreme Court held that a state must give state prisoner a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts by proving some form of legal assistance. In the scenario where Witherspoon's in one states custody and seeking legal material for litigation in another the obligation to provide such material is impressed upon both states. MDOC and DDOC officials **both** had a binding obligation to afford Witherspoon access to the necessary legal material. See Lehn v. Holmes, 364 F.3d 862, 867-68 (7th Cir. 2004). The avoidance of their obligation by MDOC and DDOC left Witherspoon without Delaware legal material and unable to prepare an opening brief as ordered by the Delaware Supreme Court. Thus, the dismissal of Witherspoon's appeal was not the result of Witherspoon lack of diligence. MDOC and DDOC acted in a manner which interfered with Witherspoon's presenting violations of his fundamental constitutional rights to the Delaware Supreme Court to be adjudicated on their merits.

The set of circumstances that Witherspoon encountered were so rare and extraordinary and precipitating from an external impediment that the procedural time restraints, in the interest of equity, fairness and justice cannot

and should not be imposed on Witherspoon to his detriment. See <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)("' some interference by Officials' made compliance impracticable," constituting procedural cause and default)(quoting <u>Brown v. Allen</u>, 344 U.S. 443, 486 (1953). <u>Lehn</u>, supra. at 869-70. **Cf.** <u>Reed v. Ross</u>, 468 U.S. 1, 11(1984).

Furthermore, hypothesizing that Witherspoon's habeas corpus petition was timely filed, Witherspoon would still be prejudiced because MDOC and DDOC officials inference prevented Witherspoon from exhausting his claims to the Delaware Supreme Court, where Delaware's Supreme Court never address the merits of Witherspoon's claims. This would have giving raise to a claim by the Respondents that Witherspoon's petition should be dismissed for failure to exhaust. See 28 U.S.C. § 2254(b). Witherspoon strongly believes that the Respondents did not make such argument in conjunction with the untimely filing argument because it would have brought attention to the Officials interference with Witherspoon's constitutional rights.

Hence, Witherspoon has "good cause" for any procedural default perceived by the District Court, as such procedural was triggered by the MDOC and DDOC officials' interference with Witherspoon's litigation.

III.        A COA SHOULD ISSUE BECAUSE THE GROUNDS
            PRESENTED SATISFY THE REQUIREMENTS OF
            A SUBSTANTIAL SHOWING OF DENIAL OF
            CONSTITUTIONAL RIGHTS, IN ACCORDANCE
            WITH 28 U.S.C. § 2253(c).

Witherspoon's habeas corpus petition contained the following grounds which Witherspoon asseverates satisfy the prerequisite showing before COA can issue:

Ground One, Trial Court erred by not giving a lesser included offense instruction for criminally negligent homicide.

Supporting Facts: The [Petitioner] with a gun in his possession taunted several adversaries outside of a bar. One or more of the adversaries shot at him, and the [Petitioner] returned fire. An innocent bystander died in the cross-fire but -[the state conceded that the innocent bystander]- was shot by one of the people who shot at the defendant, not by the defendant. [Therefore] trial court erred by not giving a lesser included offense instruction for criminally negligent homicide as well as manslaughter for which the [Petitioner] was convicted.

Ground Two, Trial Counsel was ineffective.

Supporting Facts: (1) Trial counsel failed to file a motion to compel the state to provide defendant with all exculpatory and impeachment evidence; (2) Failed to request a continuance to investigate witness revelations that were not previously known to the defense; (3) Failed to file a motion seeking compliance with Superior Court Criminal Rule 26.2(A)-(F)(1)(2); and (4) Failed to move

10

for mistrial based on witness revelations in open court.
<u>Ground Three</u>, Appellate Counsel was ineffective.
Supporting Facts: (1) Appellate Counsel failed to raise and argue on appeal requested and preserved meritorious claim for judgement of acquittal on the charge of manslaughter; (2) Failed to raise and argue on appeal the claim of prosecutorial misconduct in closing argument; (3) Failed to raise and argue on appeal the claim that trial judge erred by instructing on manslaughter; (4) Failed to raise and argue on appeal the imposition of consecutive sentences; and (5) Failed to raise and argue on appeal trial court's error in failing to consider the cumulative effect of all the trial errors

<u>Ground Four</u>, Trial Court committed error of law by failing to compel state to produce exculpatory evidence.
Supporting Facts: At [Petitioner's] trial, the state conceded that its percipient witness Danny Wharton gave a prior statement to Detective Bowman consisting of either three or four pages, in October of 1996. Such statement was relevant to Wharton's direct testimony. Yet, the state refused to provide defendant with the entire statement and the trial court committed error by failing to conduct the required in-camera inspection.

<u>Ground Five</u>, The State's nondisclosure of specifically requested exculpatory evidence, denied [Petitioner] due process.
Supporting Facts: The state in response to [Petitioner's]

11

pretrial discovery motion provided [Petitioner] with redacted prior statements of the state's percipient witnesses statements and delayed disclosure [of] specifically requested exculpatory and impeachment evidence surrounding Danny Wharton and David Chatt.

Ground Six, Prosecutor's cumulative effect of withholding evidence deprived [Petitioner] of a fair trial.

Supporting Facts: Had it not been for the prosecutor withholding the information concerning David Chatt's demand for compensation for the name of the killer, as well as being behind a yellow van with Danny Wharton, requesting to borrow Wharton's gun so that he could take a shot at the defendant, and that Chatt was under the influence of herion at the time of the incident.

Ground Seven, Trial court committed error by proceeding on the indictment for manslaughter with respect to indirect causation, whereby state law did not provide for such causation.

Supporting Facts: Delaware state law did not allow for the state to proceed on the indictment of murder or conviction of manslaughter under the theory of indirect causation as set forth by the legislative language of Delaware Criminal Code § 632(1).

Ground Eight, Trial Counsel's failure to request for judicial immunity to secure exculpatory testimony was ineffective.

Supporting Facts: The State had informed defense counsel

12

that a witness David Chatt had sought a deal for names of the persons responsible for shooting and killing the victim. However, defense counsel refusing to seek judicial immunity prevented the defendant from presenting exculpatory evidence which was crucial to the case. Such a failure to do so was ineffective assistance of counsel.

Ground Nine, Petitioner was denied the opportunity to presents constitutional violations to the state's Supreme Court due to procedural cause and default caused by the state and Massachusetts failure to provide legal resources.

Supporting Facts: Petitioner was in the custody of Massachusetts Department of Corrects official while he sought to litigated against a complaint brought against him by the state of Delaware. Both the state and Massachusetts Department of Corrections official refuse to afford Petitioner meaningful access to the court to execute a meaningful appeal.

In accordance with Slack v. McDaniel, supra.; Miller-El v. Cockrell, supra.; Witherspoon meets the requirements of 28 U.S.C. § 2253(c).

Wherefore, Witherspoon respectfully submit that law and justice requires the granting of a certificate of appealability on the denial of the substantive issues presented for writ of habeas corpus under 28 U.S.C. 2254.

Respectfully submitted
by,


Eric Witherspoon, pro se
SBCC
Post Office Box 8000
Shirley, Ma 01464

Dated: January 4, 2006

AFFIDAVIT OF ERIC WITHERSPOON

I, Eric Witherspoon, being duly sworn attest to the following:

1. I personally delivered the enclosed Notice of Appeal for Certificate of Appealability dated January 4, 2006 to the institutional mailbox for delivery to this court on January 5, 2005.

Signed under the pains and penalty of perjury.

*Eric Witherspoon*
Eric Witherspoon, pro se
SBCC
Post Office Box 8000
Shirley, Ma 01464

Dated: January 5, 2006

Attachment #1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERIC WITHERSPOON,
    PETITIONER,

v.                                  CIV. NO. 04-1424-JJF

LOIS RUSSO,
SUPT. AND
M. HANE BRADY
ATTY GEN. FOR DELAWARE.
    RESPONDENTS.

MOTION TO WITHDRAW PETITIONER'S RESPONSE

    Now comes Petition, Eric Witherspoon, pro se, moves this Honorable Court to withdraw Petitioner's Response to Respondents' Answer, filed on June 23, 2005.

    As reasons thereof, this Court is unable to entertain two responses filed by the Petitioner and there was a response filed on the behalf of the Petitioner on June 28, 2005, which should be entertained by this Court.

    Wherefore, this motion should be granted.

Respectfully submitted,

/s/ Eric Witherspoon

ERIC WITHERSPOON, pro se
SBCC
Post Office Box 8000
Shirley, Ma 01464

Date: July 03, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC WITHERSPOON, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civil Action No. 04-1424-JJF |
| : | |
| LOIS RUSSO, : | |
| Superintendent/Warden, : | |
| and M. JANE : | |
| BRADY, Attorney General : | |
| for the State of : | |
| Delaware, : | |
| : | |
| Respondents. : | |

**O R D E R**

At Wilmington this 29 day of July, 2005;

IT IS ORDERED that:

Petitioner Eric Witherspoon's Motion To Withdraw Petitioner's Response to Respondent's Answer Dated On June 23, 2005 is GRANTED. (D.I. 23.) Accordingly, the Court will consider Petitioner's Response dated June 28, 2005, (D.I. 22.), not Petitioner's Response dated June 23, 2005. (D.I. 21.)

_____
UNITED STATES DISTRICT JUDGE

U.S.M.S. X-RAY

Eric Witherspoon - W63259
P.O. Box 8000
Shirley, MA 01464

Clerk's Office
Delaware District Court
844 King Street, Lockbox 18
Wilmington, Delaware 19801